**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **WILFRED H. LOOBY,** | ) | **CASE NO. 8:11CV354** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Petition to Quash Summons (Filing No. 1) filed by Petitioner Wilfred H. Looby, and the Motion to Dismiss or Deny the Petition to Quash and for Enforcement of the Summonses (Filing No. 9) filed by the Respondent United States of America. The Court has reviewed the parties' briefs (Filing Nos. 10, 13, and 16) and the accompanying Indexes of Evidence (Filing Nos. 11, 14, and 15), and will grant Respondent's Motion to Dismiss, and dismiss the Petition to Quash Summons.

## FACTUAL BACKGROUND

The parties' briefs and indexes of evidence show that the following facts are not in dispute. Wilfred M. Looby is Petitioner's deceased father. Petitioner is the successor and sole trustee of his father's estate trust (the "Trust") and controls its assets. Agent Ashley Thompson, an agent with the Internal Revenue Service ("IRS"), is conducting an investigation to determine whether Petitioner committed tax and other related offenses for tax years 2008 through 2010.

On September 21, 2011, Agent Thompson issued third-party administrative summonses to five financial institutions (the "Summonses"). (Filing Nos. 11-1 through 11-5.) The Summonses were issued to Wells Fargo Bank, Great Western Bank, First National Bank of Omaha, Springfield State Bank, and First National Bank of Gordon (the "Financial

Institutions") and requested information concerning both Petitioner and Wilfred M. Looby, individually, as well as the Wilfred M. Looby Trust, the Wilfred H. Looby Trust, and accounts related to several addresses and companies, including Petitioner's personal residence.  The Summonses requested information and records from December 1, 2007, to August 31, 2011.  On the same day the Financial Institutions were served copies of the summonses, Agent Thompson gave notice of them to Petitioner, as well as his attorney, Kevin J. Dostal, and his accountant, Ronald M. Anderson.

Agent Thompson has received envelopes from Great Western Bank, First National Bank of Gordon, and Springfield State Bank.  Agent Thompson has not opened the envelopes from Great Western Bank or First National Bank of Gordon, nor examined their contents.  IRS Mail personnel opened the envelope from Springfield State Bank, but Agent Thompson has not examined its contents.  Wells Fargo Bank and First National Bank of Omaha did not appear on the summons request date, nor has either produced the summoned records.  Both banks have indicated that they will retain the summoned documents until the Court rules on the Petition to Quash.

Petitioner is one of five siblings who have or will receive substantial distributions from the Trust.  Petitioner alleges that his sister, Beverly Anne Kirk, also a beneficiary of the Trust, has for the last three years "attempted to destroy the Petitioner by making allegations" to the Douglas and Sarpy County (Nebraska) attorneys, and other agencies, and has stated she will "'ruin'" him. (Filing No. 1, at 2.) Petitioner also alleges that Kirk has filed various frivolous actions in the Sarpy Count Court.  In one action, which was dismissed, Kirk sought to remove Petitioner as his father's guardian.  In another action she is seeking to have Petitioner removed as the successor trustee to the Trust.  Petitioner

states that Kirk is the only one of the siblings that will not inherit her share directly, but "as a result of certain issues recognized by her late father" she receives only a limited income from the Trust. (*Id.*)

Previously, Dostal and Anderson met with IRS representatives and provided them with information during a civil audit of Petitioner. Agent Thompson advised Dostal that the Trust would no longer be the subject of a criminal investigation as pertaining to certain forms for 2008, but that a criminal investigation of Petitioner would continue as to his individual income tax returns. Petitioner believes that the continuing investigation is "based upon the unrelenting lobbying of [Kirk]," who is frustrated with Petitioner because she cannot receive additional money from the Trust. (*Id.* at 2–3.)

## DISCUSSION

"In order to encourage effective tax investigations, Congress has endowed the IRS with expansive information-gathering authority." *United States v. Arthur Young & Co.*, 465 U.S. 805, 816 (1984). Title 26 U.S.C. § 7602(a) grants the IRS broad authority to issue summonses in connection with tax investigations. When a petition to quash an IRS summons is filed, the IRS may, in that proceeding, also seek to compel compliance with the summons. § 7609(b)(2)(A). Such enforcement proceedings are summary in nature. *Robert v. United States*, 364 F.3d 988, 999 (8th Cir. 2004); *United States v. Moon*, 616 F.2d 1043, 1047 (8th Cir. 1980). "While § 7602 is subject to the traditional privileges and limitations, any other restrictions upon the IRS summons power should be avoided absent unambiguous directions from Congress." *Arthur Young*, 465 U.S. at 816 (internal citations and quotations omitted). The government must show the following four elements to

3

establish a prima facie case to enforce a summons: (1) the investigation is conducted pursuant to a legitimate purpose; (2) the inquiry is relevant to that purpose; (3) the information sought is not already within the IRS's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell*, 379 U.S. 48, 57–58 (1964).

If the IRS meets its burden of establishing a prima facie case, the opponent of the summons can rebut the IRS's case by successfully challenging any of the Powell factors or by demonstrating that enforcement of the summons would result in an "abuse" of the court's process. *Id.* at 58. However, district courts should be "slow to erect barriers to enforcement of IRS summonses where the summonses are being used to further the IRS mission of effectively investigating taxpayer liabilities." *Robert*, 364 F.3d at 996. As such, the burden on the IRS to establish its prima facie case is "slight," and the burden to rebut one or more of the Powell factors is great. *Id.* (citing *United States v. Claes*, 747 F.2d 491, 494 (8th Cir. 1984) ("That burden is a heavy one. The party must show either that the IRS is acting in bad faith or that the IRS has abandoned any civil purpose in the investigation.")).

I.  **Respondent's Prima Facie Case**

The Court finds that Respondent has met its minimal burden of establishing a prima facie case based on the declaration of Agent Thompson. "The Commissioner may establish a prima facie case for enforcement of a summons by a 'minimal showing of good faith compliance with summons requirements.'" *United States v. Norwood*, 420 F.3d 888, 892 (8th Cir. 2005) (quoting *Moon*, 616 F.2d at 1046). "Such good faith can be

demonstrated by the affidavit of an IRS agent." *Id.* Agent Thompson's declaration (Filing No. 19-1) establishes each of the Powell factors.

First, her declaration establishes that the Summonses were issued for a proper purpose. Agent Thompson states that she is investigating whether Petitioner may have committed tax and other related offenses for tax years 2008 through 2010.

Second, Agent Thompson's declaration shows that the information requested is relevant to this investigation. When inquiring into tax liability, § 7602(a)(1) of the Internal Revenue Code permits the IRS "[t]o examine any books, papers, records, or other data which may be relevant or material to such inquiry." (Emphasis added). The relevance of an IRS summons "is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court." *Arthur Young*, 465 U.S. at 814. The Supreme Court stated that the "may be" language in the statute "reflects Congress' express intention to allow the IRS to obtain items of even potential relevance to an ongoing investigation, without reference to its admissibility." *Id.* (emphasis in original).

The records requested are each relevant to Agent Thompson's investigation. The value of the assets or funds from the Trust in these accounts may count as personal income of Petitioner that must be reported on his individual income tax returns. The records related to the deceased Wilfred M. Looby and the Trust will enable the IRS to determine whether Petitioner accurately recorded Trustee fees as expenses on his father's estate return.

Third, but for the Summonses, the IRS would not possess the summoned records. Two of the Financial Institutions have not yet complied. Agent Thompson has not examined the records submitted by the other Financial Institutions.

Fourth and finally, the IRS has complied with all administrative steps. Agent Thompson testified that all administrative steps have been taken in serving the Summonses and providing notice to all persons identified in the Service of Summons (Petitioner, Dostal, and Anderson). *See* 26 U.S.C. §§ 7602, 7603, and 7609. Further, Agent Thompson's declaration states that the IRS has not referred Petitioner to the United States Department of Justice, nor has the IRS made an institutional decision to do so. *See* 26 U.S.C. § 7602(d). Agent Thompson's declaration has established each of the Powell factors, and Respondent has met its burden of establishing a prima facie case.

## II.  Petitioner's Rebuttal

The Court finds that Petitioner has not successfully challenged any of the Powell factors or established that enforcement of the summons would be an abuse of the judicial process. Petitioner concedes that "he does not have sufficient legal arguments to stop the investigation" into his role as successor trustee and into any accounts of his late father. (Filing No. 1, at 2–3.) He asserts, however, that "there is no basis to investigate his personal accounts and/or any Trust he has established for his own estate planning purposes." (Filing No. 1, at 3.) Petitioner argues that the IRS is merely engaged in a "'fishing expedition' initiated solely upon the baseless accusations of his sister." (*Id.*) Petitioner essentially seeks to refute that the Summonses have been issued for a proper purpose and are relevant to that purpose.

Petitioner argues:

[I]t is clear that the IRS has made the decision to not investigate the Trust criminally, but rather hold a civil audit. As Ms. Kirk's complaints against Mr. Looby was [sic] as a result of his "violation of his duties" as Trustee, if the IRS no longer needs to investigate his action as Trustee criminally, it stands to reason that there should be no reason to investigate him personally.

(Filing No. 16, at 1.)

6

Petitioner's argument misses the point. The IRS has indicated that it is still seeking to investigate Petitioner's personal tax liability for certain income and assets he may have received from the Trust. Petitioner's actions as Trustee might have been perfectly proper and legal, yet he still might have committed offenses related to his personal tax returns. Moreover, under § 7602(a), the IRS "'can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not.'" *Powell*, 379 U.S. (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 643 (1950)). Petitioner's arguments and evidence fail to rebut Respondent's prima facie case or show that enforcement of the summons would be an abuse of the judicial process.

Accordingly,

IT IS ORDERED:

1. The Petition to Quash (Filing No. 1) filed by Petitioner Wilfred H. Looby, is dismissed;

2. The Motion to Dismiss or Deny Petition to Quash and for Enforcement of the Summons (Filing No. 9) filed by Respondent United States of America, is granted;

3. This action is dismissed, with prejudice, and

4. A separate judgment will be entered.

DATED this 23rd day of January, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge